# WILSON P. HALL

*v.*

# WILLIAM C. KIMBALL.

1. AMENDMENT OF PLEADINGS—*under act of* 1869—*new defendants.* Under the statute of 1869, authorizing the amendment of the pleadings so as to make new defendants, it is not error, after the issues of fact have been formed, to allow plaintiff to amend his declaration so as to make a dormant partner a party defendant.

2. INTEREST—*rate of.* On a note or account made in another state, and the rate of interest is not named in the note, and there is no proof of the rate of interest notes and accounts bear where the indebtedness was incurred, it is error to allow more than the rate allowed by our law in the absence of contract.

APPEAL from the Circuit Court of Morgan county; the Hon. CHARLES D. HODGES, Judge, presiding.

This was an action of assumpsit, brought by William C. Kimball and Ezekiel Kimball, surviving partners, &c., in the Morgan Circuit Court, against Wilson P. Hall and Elizabeth McHatton, partners, &c. The declaration is in the usual form, on a promissory note for $5,000, signed by W. P. Hall & Co., and the common counts for goods and wares sold, &c. A plea in abatement for the non-joinder of William L. Nugent as a party defendant. Replication that Nugent was a dormant partner, not known to plaintiffs. Rejoinder, that Nugent was known to be a partner. Surrejoinder that he was not known to plaintiffs as a partner.

The death of E. B. Kimball was suggested, and the suit revived in the name of the survivor. Plaintiff, on leave, amended his declaration by making Nugent a defendant to the action. A plea of *non assumpsit,* and a plea of payment were filed. The cause was tried by the court without a jury, by consent, and a judgment was rendered in favor of plaintiffs, and the case is appealed to this court.

Messrs. KETCHAM & DeLEUW, for the appellant.

Mr. ISAAC L. MORRISON, for the appellee.

Per CURIAM:   It is only necessary to say, in regard to this case, that the amendment making a new defendant, was within the act of 1869, and in that there was no error, but there was error in allowing eight per cent interest in the absence of proof of the *lex loci contractus.* · The judgment is reversed and the cause remanded.

*Judgment reversed.*